836 F.2d 1343
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard SHORT, Defendant-Appellant.
 No. 87-5553.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 19, 1987.
Decided Jan. 7, 1988.
 
 J. Casey Forrester, on brief, for appellant.
 Karen Patrice Tandy, Assistant United States Attorney, for appellee.
 Before DONALD RUSSELL, K.K. HALL, and JAMES DICKSON PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Richard Short appeals his conviction for assaulting, requesting, opposing, impeding, intimidating, and interfering with a Lorton Reformatory correctional officer, in violation of D.C.Code Ann. Sec. 22-505(a). His counsel has filed a motion and brief with this Court in accordance with Anders v. California, 386 U.S. 738 (1967), in which he requests permission to withdraw as Short's counsel on the ground that there are no arguable issues of merit in this appeal.
 
 
 2
 Short's counsel raised two issues in his Anders brief: (1) whether preindictment delay of fifteen months denied Short his right to due process; and (2) whether the trial court's instruction concerning the use of handcuffs by correctional officers was both erroneous and prejudicial. Assuming arguendo that the government's delay in charging Short was unjustified, Short's assertion that during the delay his witnesses may have forgotten facts favorable to him is insufficient to show actual prejudice. Thus, his due process claim is without merit. See United States v. Automated Medical Laboratories, Inc., 770 F.2d 399, 403-04 (4th Cir.1985). Short's objection to the jury instruction concerning a correctional officer's use of handcuffs is also without merit. He argues that the instruction was contrary to the evidence at trial that correctional officers did not customarily handcuff inmates who were being transferred. The instruction, however, concerned only whether it was improper or unlawful for correctional officers to use handcuffs during transfers. It did not concern whether the use of handcuffs was customary. In addition, it did not preclude Short from arguing to the jury that the attempted use of handcuffs in his transfer was unreasonable. The instruction itself stated that it was not unlawful or improper for a correctional officer to handcuff an inmate to enforce a lawful order, provided that the officer used no more force than was necessary in those circumstances.
 
 
 3
 In accordance with Anders, we have independently reviewed the record and all pertinent papers. We have found no nonfrivolous grounds for this appeal and accordingly affirm the judgment below.
 
 
 4
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the plan adopted by the Fourth Circuit Judicial Council for implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client. Therefore, counsel's request to withdraw from further representation is denied.
 
 
 5
 Because the record discloses no reversible error, we dispense with oral argument and affirm the conviction.
 
 
 6
 AFFIRMED.